| | | |
|---|---|---|
| AKINSANYA IDRISSA EL, a/k/a CARL L. BREWTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SUPERIOR COURT OF BUNCOMBE COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint

which seeks relief pursuant to a "writ of quo warranto."

Petitioner is a prisoner of the State of North Carolina who was indicted by the grand jury in

Buncombe County Superior Court on December 6, 1993, for the murders of Raymond Walter

Cody and Linda Blanton Cody. Petitioner was tried non-capitally during the January 1995

Criminal Session of Buncombe County Superior Court. The jury returned verdicts of guilty on one

count of the premediated and deliberate murder of Mr. Cody, one count of the robbery with a

dangerous weapon of Mrs. Cody, and the first-degree murder pursuant to the felony murder rule

for the killing of Mrs. Cody. Petitioner was sentenced to consecutive terms of life imprisonment

for the murders, and the superior court arrested judgment on the robbery conviction because it

served as the underlying felony to support the jury's finding of first-degree murder as to Mrs.

Cody. Petitioner's judgment was affirmed in all respects on direct appeal to the Supreme Court of

North Carolina. See State v. Brewton, 342 N.C. 875 (N.C. 1996).[1]

_____

[1] While incarcerated, Plaintiff was also convicted in 2008, in Bertie County Superior Court, on the charge of assaulting a law enforcement officer or government officer or employee. Plaintiff's conviction and sentence were

On August 8, 2014, the Clerk docketed the present pro se complaint wherein Petitioner challenges the jurisdiction of the Buncombe County Superior Court. Plaintiff alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because he contends there is a federal question. Plaintiff argues that as a Moorish National, the State court had no jurisdiction to try him on criminal charges. Plaintiff also contends that jurisdiction lies in the district court based on diversity of citizenship under 28 U.S.C. § 1332 because he is a Moorish National and Buncombe County Superior Court is allegedly a citizen of the State of North Carolina. (1:14-cv-206, Doc. No. 1 at 1-2).

The Court observes that, despite Petitioner's contentions to the contrary, "there is no original jurisdiction in the federal district court to entertain an information in the nature of quo warranto." Wilson-Bey v. Ashcroft, No. 3:05-cv-2-GCM, 2005 WL 2928864, at *1 (W.D.N.C. Nov. 3, 2005) (dismissing case for lack of subject matter jurisdiction) (quoting United States ex. rel. State of Wis. v. First Fed. Sav. And Loan Ass'n, 248 F.2d 804, 809 (7th Cir. 1957) (collecting cases), cert. denied, 355 U.S. 957 (1958)). Based on the foregoing, the Court finds that it lacks subject matter jurisdiction over Petitioner's claim for relief under a petition for a writ of quo warranto and this civil action will be dismissed. To the extent Petitioner is seeking to challenge the legality of his criminal judgment as a federal habeas matter, Petitioner may elect to file a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on the forms which are approved in this district.

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Plaintiff's claim for a writ of quo warranto is **DISMISSED**. (Doc. No. 1).

---

upheld on appeal. State v. Brewton, 197 N.C. App. 402, 677 S.E.2d 13 (N.C. Ct. App. 2009) (unpublished table decision).

The Clerk of Court is directed to mail Petitioner a copy of the § 2254 forms which are approved for this district and is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge